IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON,<br><br>              Plaintiff,<br><br>       v.<br><br>ROBERT J. KOCHLY, District Attorney of<br>Contra Costa County,<br><br>              Defendant. | No. C 11-1896 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANT TO<br>FILE DISPOSITIVE MOTION<br>OR NOTICE REGARDING<br>SUCH MOTION |

Plaintiff, a California state prisoner, currently housed at California State Prison - Solano, and proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court orders service upon the named Defendant.

**DISCUSSION**

A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

1  alleged violation was committed by a person acting under the color of state law.  *See West v.*
2  *Atkins*, 487 U.S. 42, 48 (1988).
3  B.    Legal Claim
4         Plaintiff alleges that he has requested from Defendant the release of biological evidence
5  in his possession.  Plaintiff would like access to such materials in order to conduct a DNA
6  analysis because he believes that it may demonstrate that he was wrongfully convicted in 1974.
7  Defendant has refused to allow him access to the biological evidence.  Plaintiff's allegations,
8  when liberally construed, state a cognizable due process claim for relief.

## CONCLUSION

10        For the foregoing reasons, the Court hereby orders as follows:
11        1.    The Clerk shall issue a summons, and the United States Marshal shall serve,
12  without prepayment of fees, copies of the amended complaint in this matter (docket no. 15), all
13  attachments thereto, and copies of this Order on **District Attorney Robert J. Kochly** at the
14  **Contra Costa County District Attorney's Office.**  The Clerk shall also serve a copy of this
15  Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's
16  Office.
17        2.    No later than **ninety (90) days** from the date of this order, Defendant shall file a
18  motion for summary judgment or other dispositive motion with respect to the cognizable claim
19  in the complaint.
20               a.    If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
21  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
22  Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
23  F.3d 1108, 1119-20 (9th Cir. 2003).
24               b.    Any motion for summary judgment shall be supported by adequate factual
25  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
26  Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
27  **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**
28

**case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

    a. In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read
2  Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317
3  (1986) (holding party opposing summary judgment must come forward with evidence showing
4  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
5  failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a
6  consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff
7  without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*
8  *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

9      4.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's
10  opposition is filed.

11      5.    The motion shall be deemed submitted as of the date the reply brief is due.  No
12  hearing will be held on the motion unless the Court so orders at a later date.

13      6.    All communications by the Plaintiff with the Court must be served on Defendant,
14  or Defendant's counsel once counsel has been designated, by mailing a true copy of the
15  document to Defendant or Defendant's counsel.

16      7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
17  No further Court order is required before the parties may conduct discovery.

18      8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
19  and all parties informed of any change of address and must comply with the Court's orders in a
20  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
21  pursuant to Federal Rule of Civil Procedure 41(b).

22      IT IS SO ORDERED.
23  DATED:  1/5/12                                                        */s/ Lucy H. Koh*
24                                                             LUCY H. KOH
                                                           United States District Judge
25
26
27
28