1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   CURTIS LEE MORRISON,            )    No. C 11-1896 LHK (PR)
                                    )
10           Plaintiff,             )    ORDER GRANTING
                                    )    SUBSTITUTION OF
11      v.                          )    DEFENDANT; ORDER OF
                                    )    SERVICE; DIRECTING
12  MARK PETERSON, District Attorney of )  DEFENDANT TO FILE
    Contra Costa County,            )    DISPOSITIVE MOTION OR
13                                  )    NOTICE REGARDING SUCH
             Defendant.            )    MOTION
14  _____ )

15          Plaintiff, a California state prisoner, currently housed at California State Prison - Solano,

16  and proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  On

17  January 6, 2012, the Court ordered service on the named Defendant, Robert J. Kochly.

18          On February 23, 2012, the Court received Plaintiff's second amended complaint in which

19  he requests substitution of Defendant Mark Peterson, the current District Attorney of Contra

20  Costa County, to replace Defendant Robert J. Kochly.  In his second amended complaint,

21  Plaintiff continues to allege that he has requested the release of biological evidence in

22  Defendant's possession.  Plaintiff would like access to such materials in order to conduct a DNA

23  analysis because he believes that it may demonstrate that he was wrongfully convicted in 1974.

24  Defendant has refused to allow him access to the biological evidence.  Plaintiff's allegations

25  continue to state a cognizable due process claim for relief.

26          Accoridngly, the Court substitutes Defendant Mark Peterson for Defendant Robert J.

27  Kochly, and orders service upon Mark Peterson.

28

1

**CONCLUSION**

2       For the foregoing reasons, the Court hereby orders as follows:

3       1.      The Clerk shall file Plaintiff's second amended complaint, which is now the

4  operative complaint.

5       2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

6  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second

7  amended complaint and all attachments thereto (docket no. 21), and a copy of this Order to

8  **Mark Peterson, District Attorney of Contra Costa County.**

9       The Clerk of the Court shall also mail a courtesy copy of the second amended complaint

10 and a copy of this Order to **Sharon Henderson, County Counsel** at the **Office of the County**

11 **Counsel, County of Contra Costa County**, Administration Building, 651 Pine Street, 9th Floor,

12 Martinez, CA  94553.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

13      3.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure

14 requires him to cooperate in saving unnecessary costs of service of the summons and complaint.

15 Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on

16 behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the

17 cost of such service unless good cause be shown for his failure to sign and return the waiver

18 form.  If service is waived, this action will proceed as if Defendant had been served on the date

19 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required

20 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

21 was sent.  (This allows a longer time to respond than would be required if formal service of

22 summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the

23 waiver form that more completely describes the duties of the parties with regard to waiver of

24 service of the summons.  If service is waived after the date provided in the Notice but before

25 Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on

26 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

27 whichever is later.

28

Order Granting Substitution of Defendant; Order of Service; Directing Defendant to File Dispositive Motion or
Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Morrison896srv2.wpd        2

4.      No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

5.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a.      In the event Defendant file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.      In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1
2
   The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

3
4
5
6
7
8
9
10
   Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

11  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

12  Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

13  (1986) (holding party opposing summary judgment must come forward with evidence showing

14  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

15  failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a

16  consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

17  without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

18  *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

19     6. Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

20  opposition is filed.

21     7. The motion shall be deemed submitted as of the date the reply brief is due.  No

22  hearing will be held on the motion unless the Court so orders at a later date.

23     8. All communications by the Plaintiff with the Court must be served on

24  Defendant's counsel, by mailing a true copy of the document to Defendant's counsel.

25     9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

26  No further Court order is required before the parties may conduct discovery.

27
28

1      10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

2   and all parties informed of any change of address and must comply with the Court's orders in a

3   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

4   pursuant to Federal Rule of Civil Procedure 41(b).

5          IT IS SO ORDERED.

6   DATED: _____2/27/12_____

7                                              LUCY H. KOH
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28